# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

# ROCK HILL DIVISION

| | |
|---|---|
| Junior Kiker, ) | |
| ) | Civil Action No.: _____ |
| Plaintiff, ) | |
| ) | [C.A. No.: 2017-CP-29-00871] |
| v. ) | |
| ) | |
| Lancaster County, Barry Faile, Individually, ) | **ANSWER ON BEHALF OF** |
| and/or in his official capacity as Sheriff of ) | **DEFENDANTS** |
| Lancaster County; Quintin Smith, in his ) | **(Jury Trial Demanded)** |
| individual and/or in his official capacity as ) | |
| employee of Lancaster County; Richard Plyler, ) | |
| in his individual and/or in his official capacity as ) | |
| employee of Lancaster County, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The Defendants answer the Complaint of the Plaintiff as follows:

## FOR A FIRST DEFENSE

1. The Plaintiff has failed to properly serve this action pursuant to Rule 4, FRCP, and therefore, this action must be dismissed pursuant to Rule 12(b)(1), (2), (4) and (5) FRCP. The Defendants reserve the right to file a motion on this basis.

## FOR A SECOND DEFENSE

2. Defendant Lancaster County is not a proper party to this action, as it does not operate the Lancaster County Detention Center, and therefore, this Defendant must be dismissed pursuant to the South Carolina Tort Claims Act, S.C. Code Ann. §15-78-70, as well as Rule 12(b)(6) FRCP. The Defendants reserve the right to file a motion on this basis.

1

**FOR A THIRD DEFENSE**

3.      The Plaintiff has failed to state facts sufficient to constitute any claim against these Defendants, and therefore, this action must be dismissed against all Defendants pursuant to Rule 12(b)(6) FRCP.

**FOR A FOURTH DEFENSE**

4.      The Plaintiff was more negligent as a matter of law, and therefore, this action must be dismissed against these Defendants.

**FOR A FIFTH DEFENSE**

5.      Defendant Barry Faile, in his individual capacity, is not a proper Defendant pursuant to the South Carolina Tort Claims Act, S.C. Code Ann. §15-78-70, and therefore, must be dismissed.

**FOR A SIXTH DEFENSE**

6.      These Defendants deny each and every allegation of the Plaintiff's Complaint not hereinafter specifically admitted, qualified, or explained.

7.      As to paragraph 1 of the Plaintiff's Complaint, these Defendants admit only that the Plaintiff was an inmate serving time in the South Carolina Department of Corrections, who was brought to the Lancaster County Detention Center for a hearing.  These Defendants deny all other allegations, and specifically deny any allegations that assert any wrongdoing or liability on part of these Defendants.

8.      These Defendants deny paragraphs 2, 3, and 4 of the Plaintiff's Complaint, as stated.

9. As to paragraph 5 of the Plaintiff's Complaint, these Defendants admit only that the Plaintiff was in a cell at the Lancaster County Detention Center with two other detainees. As for the remaining allegations, these Defendants deny those allegations, as stated.

10. These Defendants deny paragraphs 6, 7, 8, 9, 10, 11, 12, and 13 of the Plaintiff's Complaint.

11. These Defendants deny paragraphs 14 and 15 of the Plaintiff's Complaint.

12. As to paragraph 16 of the Plaintiff's Complaint, these Defendants reassert and reallege all assertions, allegations, and defenses.

13. These Defendants deny paragraphs 17 and 18 of the Plaintiff's Complaint.

14. As to paragraph 19 of the Plaintiff's Complaint, these Defendants reassert and reallege all assertions, allegations, and defenses.

15. These Defendants deny paragraphs 20, 21, 22, 23, 24, and 25 of the Plaintiff's Complaint.

16. As to paragraph 26 of the Plaintiff's Complaint, these Defendants reassert and reallege all assertions, allegations, and defenses.

17. These Defendants deny paragraphs 27 and 28 of the Plaintiff's Complaint.

18. These Defendants deny the Plaintiff is entitled to the relief requested in the Complaint, or any other relief against these Defendants.

## FOR A SEVENTH DEFENSE

19. The Plaintiff cannot seek punitive damages against these Defendants pursuant to the common law of South Carolina or S.C. Code Ann. § 15-33-135, and therefore, all such claims must be stricken from the Plaintiff's Complaint. Additionally, punitive damages are

explicitly excluded pursuant to the South Carolina Tort Claims Act, S.C. Code Ann. §15-78-120(b).

## FOR AN EIGHTH DEFENSE

20. The Plaintiff cannot seek joint and several liability, and therefore, all such claims must be stricken from the Plaintiff's Complaint.

## FOR A NINTH DEFENSE

21. The Plaintiff has failed to state a cause of action pursuant to the South Carolina Constitution, and therefore, the Plaintiff's Fourth Cause of Action must be stricken from the Plaintiff's Complaint.

## FOR A TENTH DEFENSE

22. These Defendants, as agents of the Sheriff of Lancaster County, are not "persons" within the meaning of the term as used in 42 U.S.C. § 1983, and therefore, are not subject to suit.

## FOR AN ELEVENTH DEFENSE

23. These Defendants, in their official capacities, are immune from suit pursuant to the Eleventh Amendment of the United States Constitution.

## FOR A TWELFTH DEFENSE

24. These Defendants were acting in good faith and within the scope of their official duties as officials of the State of South Carolina, and therefore, are immune from suit.

## FOR A THIRTEENTH DEFENSE

25. These Defendants are governmental officials performing discretionary functions and actions, which could reasonably have been thought consistent with the rights of the Plaintiff, and therefore, these Defendants are entitled to immunity as a matter of law.

**FOR A FOURTEENTH DEFENSE**

26.     These Defendants were acting as employees, officers, and officials of the State of South Carolina while engaged in the performance of their official duties, and therefore, are immune from liability and cannot be sued without an express waiver of sovereign immunity.

**FOR A FIFTEENTH DEFENSE**

27.     These Defendants assert the principal of *respondeat superior* does not apply to actions brought pursuant to 42 U.S.C. 1983, and therefore, any such claims must be stricken from the Plaintiff's Complaint.

**FOR A SIXTEENTH DEFENSE**

28.     These Defendants' actions were at all times objectively reasonable under the existing law, and therefore, these Defendants are entitled to immunity.

**FOR A SEVENTEENTH DEFENSE**

29.     These Defendants at no time violated any clearly established constitutional rights, which were known or should have been known to him, and therefore, these Defendants are entitled to immunity.

**FOR AN EIGHTEENTH DEFENSE**

30.     The Plaintiff cannot seek punitive damages against these Defendants pursuant to the South Carolina Tort Claims Act, public policy, as well as the South Carolina United States Constitution, and therefore, all claims for punitive damages must be stricken from the Plaintiff's Complaint.

**FOR A NINTEENTH DEFENSE**

31.     As to any state law cause of action, the individual Defendants are immune from suit pursuant to the South Carolina Tort Claims Act, S.C. Code Ann. §15-78-70, and therefore, must be dismissed.

**FOR A TWENTIETH DEFENSE**

32.     As to any state law cause of action, these Defendants allege, upon information and belief, that any injuries or damages allegedly suffered by the Plaintiff, without admitting same to be true, were due to and caused entirely by the negligence of the Plaintiff or the Plaintiff's negligence which is more than these Defendants' negligence, and that such is a complete bar to the Plaintiff's recovery herein.  Further, these Defendants allege, upon information and belief, that if the Plaintiff's negligence was less than these Defendants' negligence, that such negligence should be compared to that negligence of these Defendants, so as to apportion the relative fault as to each party.

**FOR A TWENTY-FIRST DEFENSE**

33.     As to any state law cause of action, these Defendants allege, upon information and belief, that any injuries or damages allegedly suffered by the Plaintiff, without admitting same to be true, were due to and caused by the sole negligence, recklessness, willfulness, wantonness, carelessness, and gross negligence of the Plaintiff and were not caused by these Defendants, which sole negligence of the Plaintiff is a complete bar to the Plaintiff's attempt to recover from these Defendants.

**FOR A TWENTY-SECOND DEFENSE**

34.     Any state law cause of action is barred by the immunity section of the South Carolina Tort Claims Act. S.C. Code Ann. § 15-78-60 (4), (5), (6) and (25).

**FOR A TWENTY-THIRD DEFENSE**

35.     As to any state law cause of action, these Defendants are merely the alter ego of the State of South Carolina, and therefore, are entitled to sovereign immunity from suit, including but not limited to statutory caps on damages pursuant to the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-120(a).

**FOR A TWENTY-FOURTH DEFENSE**

36.     The Plaintiff has failed to exhaust his administrative remedies as may be available, and therefore, this action must be dismissed.

**FOR A TWENTY-FIFTH DEFENSE**

37. The Plaintiff's claims are barred in whole or in part, by the Prison Litigation Reform Act.

WHEREFORE, having fully answered the Complaint of the Plaintiff, the Defendants pray that the Complaint be dismissed with prejudice, for the costs of this action, and for such other and further relief as the Court deems just and proper.

DAVIDSON & LINDEMANN, P.A.

BY:     *s/ James M. Davis, Jr.*
JAMES M. DAVIS, JR.     Fed #6333
1611 Devonshire Drive, Second Floor
Post Office Box 8568
Columbia, South Carolina 29202
T: 803-806-8222
F: 803-806-8855
E-Mail: jdavis@dml-law.com

*Counsel for Defendants*

Columbia, South Carolina

October 25, 2017